**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 24 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TITO ANTONIO JUAREZ SOPON, AKA Tito Juarez, | Nos. 17-70233 |
| | 19-72941 |
| Petitioner, | |
| | Agency No. A206-412-120 |
| v. | |
| | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

In this consolidated case, Tito Antonio Juarez Sopon, a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's ("IJ") decision denying

his applications for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (petition No. 17-70233) and the BIA's order denying his motion to reopen and terminate proceedings (petition No. 19-72941). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part petition No. 17-70233, and deny petition No. 19-72941.

As to petition No. 17-70233, the agency did not err in concluding that Juarez Sopon did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (young men in

Guatemala who resist gang recruitment did not constitute a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). Thus, Juarez Sopon's asylum and withholding of removal claims fail. To the extent Juarez Sopon raises a new particular social group or a political opinion claim, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT relief because Juarez Sopon failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject Juarez Sopon's contention that the agency erred in its legal analysis or ignored evidence or arguments in denying his CAT claim. *See Najmabadi*, 597 F.3d at 990 (agency adequately considered evidence and sufficiently announced its decision).

We also reject Juarez Sopon's contention that the IJ violated his due process rights by denying him a full and fair hearing, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error and prejudice required to prevail on a due process claim), and we reject as unsupported by the record Juarez Sopon's contentions that the BIA ignored these due process contentions.

As to petition No. 19-72941, the BIA did not abuse its discretion in denying

Juarez Sopon's motion to reopen and terminate proceedings because his contentions that the IJ lacked jurisdiction over his proceedings are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (lack of hearing information in notice to appear did not deprive immigration court of jurisdiction where later notice of hearing provided missing information).

We reject Juarez Sopon's claim that his due process rights were violated due to insufficient notice of his proceedings. *See Lata*, 204 F.3d at 1246.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION NO. 17-70233 DENIED in part; DISMISSED in part.**

**PETITION NO. 19-72941 DENIED.**